UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM CECIL THORNTON, | Civil No.   11-1892 JLS (RBB) |
|---|---|
| Petitioner, | **ORDER:** |
| v. | **(1)  GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and** |
| MICHAEL STAINER, Warden, et al., | |
| Respondents. | **(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

/ / /

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that he was not awarded custody credits in accordance with California Penal Code section 4019.  (*See* Pet. at 6.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

## **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **DISMISSES** this action without prejudice and with leave to amend.  To have this case reopened, Petitioner must, **no later than October 28, 2011**, file a First Amended Petition that cures the pleading deficiencies set forth above.  *The Clerk of Court is directed to mail Petitioner a blank First Amended Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: September 6, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge