UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THORNTON,<br><br>        Petitioner,<br><br>v.<br><br>MATTHEW CATE,<br><br>        Respondent. | Civil No. 11cv01892 JLS(RBB)<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF NOS. 8-9] AND ORDER DENYING PETITIONER'S EX PARTE MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 10]** |

Petitioner William Thornton, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus on August 19, 2011 [ECF No. 1], and a First Amended Petition for Writ of Habeas Corpus on September 16, 2011, with exhibits [ECF No. 5].[1] The Petitioner claims that his equal protection rights were violated when he was denied California Penal Code section 4019 credits because, in part, he was a sex offender. (Am. Pet. 6, ECF No. 5.)

---

[1] Because Thornton's Petitions in this and the other referenced case are not consecutively paginated, the Court will cite to each using the page numbers assigned by the Court's electronic case filing system.

On October 10, 2011, the Respondent filed a Motion to Dismiss First Amended Petition for Writ of Habeas Corpus [ECF Nos. 8-9]. Respondent argues that the issue raised in Thornton's First Amended Petition is included in the petition for writ of habeas corpus filed by Thornton in another case, Thornton v. Cate (Thornton I), No. 11-cv-338 IEG (POR) (S.D. Cal. filed Feb. 17, 2011), ECF No. 42.[2] Thornton filed an Opposition to Motion to Dismiss on October 24, 2011, conceding that the claims in this Petition are similar to his claims in Thornton I. (Opp'n 1, ECF No. 11.)

The Court finds Respondent's Motion to Dismiss to be suitable for decision without oral argument pursuant to civil local rule 7.1(d)(1). For the reasons set forth below, the district court should **GRANT** Respondent's Motion to Dismiss.

## I. PROCEDURAL BACKGROUND

William Cecil Thornton initially filed a petition for writ of habeas corpus on February 17, 2011, challenging his conviction in San Diego Superior Court case number SCE295036 and alleging a claim for ineffective assistance of counsel. Thornton I, No. 11-cv-338 IEG (POR) (original petition), ECF No. 1. United States District Judge Irma E. Gonzalez construed the petition as one filed pursuant to 28 U.S.C. § 2254, and dismissed it without prejudice for failure to allege exhaustion of remedies and failure to name a proper respondent. Id. (order dismissing petition), ECF No. 3. On March 18, 2011, Thornton filed a first amended petition for writ of habeas corpus in that case, raising claims for ineffective

---

[2] The Court may take judicial notice of its files and records. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

assistance of counsel and "racial remarks and bias." Id. at 6, 8 (first amended petition), ECF No. 4.

On June 17, 2011, Thornton filed a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in a different case before this Court, seeking to challenge the same conviction in San Diego Superior Court case number SCE295036 on the ground that he was not granted credits under California Penal Code section 4019. Thornton v. Stainer (Thornton II), No. 11-cv-1368 BTM (RBB) (S.D. Cal. filed June 17, 2011), ECF No. 1. United States District Judge Barry Ted Moskowitz dismissed the petition without prejudice, noting that Thornton's habeas corpus action challenging this conviction was pending in Thornton I, and that an answer had been filed in that case. Id. (order dismissing petition), ECF No. 3. Judge Moskowitz observed that the claim regarding denial of credits under section 4019 of the California Penal Code in Thornton II was not duplicative of the claims brought in Thornton I but, rather, was an additional ground challenging Thornton's conviction in San Diego Superior Court case number SCE295036. Id. In dismissing that petition, the court instructed Thornton to seek leave to amend his petition in Thornton I. Id.

Petitioner then filed a motion to amend his petition in his original case, Thornton I, seeking to add the claim for denial of credits under section 4019 of the California Penal Code. Thornton I, No. 11-cv-338 IEG (POR) (motion to amend), ECF No. 29. That motion was filed nunc pro tunc to August 1, 2011.

While the motion to amend in Thornton I was pending, Thornton on August 19, 2011, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this case, challenging his


conviction in San Diego Superior Court case number SCE295036 [ECF No. 1].  In his Petition, Thornton alleges that he was denied credits under California Penal Code section 4019.

On September 27, 2011, Thornton filed another motion to amend in <u>Thornton I</u>, and attached his proposed second amended petition in that action.  <u>Thornton I</u>, No. 11-cv-338 IEG (POR) (motion to amend), ECF No. 40.  The court granted Thornton leave and directed the clerk to file the second amended petition for writ of habeas corpus as the operative petition.  <u>Id.</u> (order granting motion to amend), ECF No. 41.  Respondent filed an answer to the petition [ECF No. 54], and petitioner filed a traverse [ECF No. 64].

## II.  MOTION TO DISMISS

Respondent argues that the issue raised in Thornton's current Petition is part of a second amended petition for writ of habeas corpus in <u>Thornton I</u>, No. 11-cv-338 IEG (POR). (Mot. Dismiss 2, ECF No. 9.)

### A.  **Legal Standard**

It is well established that federal courts retain broad powers to control their dockets and "prevent duplicative or unnecessary litigation."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-31 (1962).  The power of a federal court to prevent duplicative litigation is intended to foster judicial economy and the "comprehensive disposition of litigation," <u>Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.</u>, 342 U.S. 180, 183 (1952), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'"  <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) (quoting <u>Adam v. Jacobs</u>, 950 F.2d 89, 93 (2d Cir. 1991)).  "Plaintiffs generally have 'no right

to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)).  "[I]n assessing whether the second action is duplicative of the first, [a court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted).

If a district court has "duplicative suits contemporaneously pending on its docket," the court has discretion to "dismiss [the] later-filed complaint without prejudice, to consolidate the two actions, or to stay or enjoin proceedings . . . ." Id. at 692. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Id. (quoting Kerotest, 342 U.S. at 183).  By dismissing a duplicative suit with prejudice, a district court acts "to protect the parties from vexatious and expensive litigation and to serve the societal interest in bringing an end to disputes." Id. at 693.  At the same time, dismissal with prejudice might be an abuse of discretion where the claims in a second suit are based on events occurring subsequent to the filing of the complaint in the first action. Id.

**B.   Discussion**

Here, Respondent moves to dismiss Thornton's Amended Petition as duplicative of the earlier-filed petition in Thornton I, No. 11-cv-338 IEG (POR). (Mot. Dismiss 2, ECF No. 9.)  Both petitions were brought by Thornton pursuant to 28 U.S.C. § 2254 to challenge his conviction in San Diego Superior Court case number SCE295036.

Thornton's Petition in this case was filed on August 19, 2011, six months after he initiated Thornton I, and almost three weeks after the motion to amend in that action. The sole issue advanced in this later-filed action is whether Thornton's equal protection rights were violated when he was denied California Penal Code section 4019 credits. (Am. Pet. 6, ECF No. 5.) Specifically, as ground one for relief in the Amended Petition, Thornton alleges that he is "[n]ot being allowed California P.C. 4019 credits prior to sentence to felony robbery and because of being a sex offender. (is violation of Equal Protection)." (Id.) In the earlier-filed Thornton I action, Petitioner stated that he was "[n]ot being allowed or granted P.C. 4019 credits retroactively per amended 4019 credit laws." Thornton I, No. 11-cv-338 IEG (POR) (second amended petition 11), ECF No. 42. Even though the earlier-filed action does not reference the Equal Protection Clause, the claims are substantively the same, and the Respondent in his answer addresses the purported violation of equal protection. Thornton I, No. 11-cv-338 IEG (POR) (answer attach. #1, memorandum of points and authorities in support of the answer to second amended petition 17), ECF No. 54. Indeed, Thornton himself does not distinguish between these two claims and concedes that the issues involved in the two cases are "similar." (Opp'n 1, ECF No. 11.)

Thornton sought leave to add the substantially identical claim for denial of credits under section 4019 of the California Penal Code in Thornton I, the earlier-filed case. Thornton I, No. 11-cv-338 IEG (POR) (motion to amend), ECF No. 29. Additionally, Thornton filed his Petition in this case while his motion to amend in Thornton I was pending. Thornton brought this duplicative claim

as he attempted to amend his petition in <u>Thornton I</u> to add the same claim. Because Thornton was granted leave to amend his petition in <u>Thornton I</u> to add the claim for denial of credits under section 4019 of the California Penal Code, this Petition is now duplicative. Nonetheless, Thornton argues that the Court should allow him to proceed with this duplicate claim in a separate case. (Opp'n 2, ECF No. 11.) Thornton does not offer any legal or factual support to justify his request.

Because the issue raised in this later-filed Petition is substantively identical to the claim advanced by <u>Thornton I</u>, allowing the Petitioner to proceed with this claim in a separate case would not promote the interests of judicial economy or comprehensive disposition of litigation. <u>Adams</u>, 487 F.3d at 692; <u>see</u> <u>Contreras v. Yates</u>, No. 1:10-CV-02047 GSA HC, 2011 WL 109137, at *1 (E.D. Cal. Jan. 12, 2011) (dismissing a second identical petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as duplicative). Accordingly, Respondent's Motion to Dismiss should be **GRANTED.**

### III. EX PARTE MOTION FOR APPOINTMENT OF COUNSEL

On October 11, 2011, Thornton filed an Ex Parte Motion for Appointment of Counsel [ECF No. 10].[3] In support of his request for attorney representation, Petitioner asserts that the appointment of counsel is warranted in this case, because he is indigent. (Ex Parte Mot. 1, ECF No. 10.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. <u>McCleskey v.</u>

---

[3] The Court will cite to the Ex Parte Motion by using the page numbers assigned by the electronic case filing system.

Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Nonetheless, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2010); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254 (West 2010). Otherwise, the appointment of counsel is discretionary. See Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

"Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the

1 petitioner's ability to investigate and present his claim, and any
2 other relevant factors." Abdullah, 18 F.3d at 573 (citing Battle
3 v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v.
4 Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

Because these factors are useful in determining whether due process requires court-appointed counsel, they are considered to the extent possible based on the record before the Court. The Court first notes that Petitioner has sufficiently represented himself to date. He has prepared and filed the following documents in this action: a Petition [ECF No. 1], an Amended Petition [ECF No. 5], a Notice of Change of Address [ECF No. 6], an Opposition to Respondent's Motion to Dismiss [ECF No. 11], as well as this Motion for Appointment of Counsel [ECF No. 10]. As mentioned above, Thornton also has filed other habeas petitions in the district. Petitioner's filings demonstrate an understanding of the law and relevant facts. In sum, the Court's docket reflects that Thornton has adequately represented himself. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for attorney representation; the appointment of counsel is not required in the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Furthermore, because this Court has recommended that Thornton's action be dismissed, there is no need for legal assistance in this proceeding. The Court therefore finds that at this stage of the proceedings, the interests of justice do not require that Petitioner receive attorney representation.

1    For the reasons stated above, Petitioner's Motion for
2 Appointment of Counsel is **DENIED** without prejudice.

### IV.  CONCLUSION

4    For the reasons stated above, Respondent's Motion to Dismiss
5 the Amended Petition as duplicative should be **GRANTED**.
6 Petitioner's Ex Parte Motion for Appointment of Counsel is **DENIED**
7 without prejudice.

8    This Report and Recommendation will be submitted to the United
9 States District Court Judge assigned to this case, pursuant to the
10 provisions of 28 U.S.C. § 636(b)(1).  Any party may file written
11 objections with the Court and serve a copy on all parties on or
12 before march 29, 2012.  The document should be captioned
13 "Objections to Report and Recommendation."  Any reply to the
14 objections shall be served and filed on or before April 13, 2012.
15 The parties are advised that failure to file objections within the
16 specified time may waive the right to appeal the district court's
17 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19    **IT IS SO ORDERED.**

22 DATED: March 2, 2012           _____
                                  Ruben B. Brooks
23                                United States Magistrate Judge

24 cc:  Judge Sammartino
        All parties