# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM THORNTON, | CASE NO. 11-CV-1892 JLS (RBB) |
|---|---|
| Petitioner, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;** |
| vs. | **(2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; AND** |
| MATTHEW CATE, | **(3) DENYING MOTION TO APPOINT COUNSEL** |
| Respondent. | |

Presently before the Court is Petitioner William Thornton's First Amended Petition for Writ of Habeas Corpus (ECF. No. 5), and Magistrate Judge Brooks's report and recommendation ("R&R") recommending the Court dismiss the Petition. (ECF No. 12.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, Petitioner has failed to timely file objections to Magistrate Judge Brooks's R&R. Having reviewed the R&R, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Brooks's report and recommendation (ECF No. 12) and (2) **GRANTS** Respondent's motion to dismiss the Petition (ECF No. 9).

Finally, this Court is under an obligation to determine whether a certificate of appealability should issue in this matter and must "indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); *see also* Fed. R. App. P. 22(b). A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petition is dismissed on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As both of these components are necessary to obtain a COA, the Court may resolve either issue first, but resolution of the procedural issue first has been encouraged by the Supreme Court. *Slack v. McDaniel*, 529 U.S. at 485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir. 2001).

Petitioner's history of excessive and redundant filings in this district clearly support the dismissal of this action. As also explained thoroughly in Magistrate Judge Brooks's R&R, this Petition is duplicative of several cases previously filed to challenge these same parole conditions on the same grounds. *See Thornton v. Schwarzenneger, et al.*, Case No. 10-CV-1583-RBB (S.D. Cal. filed July 28, 2010); *Thornton v. Cate, et al.*, Case No. 11-CV-0190-LAB-JMA (S.D. Cal. filed Jan. 27, 2011); *Thornton v. Cate, et al.*, Case No. 11-CV-338-IEG-POR (S.D. Cal. filed Feb. 17, 2011); *Thornton v. Cavalin, et al.*, Case No. 11-CV-1484-IEG-POR (S.D. Cal. filed July 1,

1  2011); *Thorton v. Stainer, et al.*, Case No. 11-CV-1368-BTM-RBB (S.D. Cal. filed June 17, 2011)
2  (dismissing petition as duplicative); *Thornton v. Cavalin, et al.*, Case No. 11-CV-0108-BEN-CAB
3  (S.D. Cal. filed July 1, 2011) (dismissing claims as duplicative and frivolous); *Thornton v. Cate et
4  al.*, Case No. 11-CV-1485-BEN-WMC (S.D. Cal. filed July 1, 2011) (same); *Thornton v. Cavalin,
5  et al.*, Case No. 11-CV-2309-MMA-PCL (S.D. Cal. filed Oct. 5, 2011) (same).  And the Court has
6  already dismissed as duplicative later-filed petitions challenging the same parole conditions. *See
7  Thornton v. Cate, et al.*, Case No. 12-CV-0118-JLS-RBB (S.D. Cal. filed Jan. 13, 2012).  Thus,
8  the Petition is properly deemed frivolous under 28 U.S.C. § 1915A(b)(1).  *See Cato v. United
9  States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  Indeed, on appeal in one of these duplicative cases,
10 the Ninth Circuit ruled that Petitioner's repeated filings in this district challenging his sex offender
11 parole conditions are frivolous.  *Thornton v. Cavalin, et al.*, No. 11-56358 (9th Cir. Nov. 15, 2011)
12 (summarily affirming district court on independent basis that the case was duplicative and
13 frivolous); *see also Thornton v. Cate, et al.*, Case No. 11-CV-2388-JLS-POR (May 4, 2012 Order
14 detailing procedural history of Thornton's petitions in this district).

15  For these reasons, Petitioner has made no showing that a jurist of reason would find the
16 Court's dismissal of this Petition debatable.  Accordingly, the Court declines to issue a certificate
17 of appealability on the issue presented for appeal.  Additionally, Petitioner's renewed motion to
18 appoint counsel (ECF No. 13) is **DENIED** as moot.  This Order concludes the litigation in this
19 matter.  The Clerk shall close the file.

20  **IT IS SO ORDERED**.

22 DATED: June 15, 2012

23  *Janis L. Sammartino*
    Honorable Janis L. Sammartino
24  United States District Judge